**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02841-CMA-MEH

LEHMAN BROTHERS HOLDING INC.,

     Plaintiff,

v.

SHEA MORTGAGE INC.,

     Defendant.

---

## ORDER OF REMAND

---

This matter is before the Court *sua sponte* on Defendant's Renewed Notice of Removal (Doc. # 1). For the following reasons, the Court REMANDS the case to District Court, Douglas County, Colorado, for further proceedings.

## I.  BACKGROUND

Plaintiff filed a Complaint against Defendant in Colorado State court on August 3, 2011. (Doc. # 2.) On September 8, 2011, Defendant was served with a summons and a copy of the Complaint. (Doc. # 1-2.) Defendant filed a Notice of Removal on September 20, 2011 (Doc. # 1-3), asserting diversity jurisdiction under 28 U.S.C. § 1332. On September 27, 2011, Chief Judge Wiley Y. Daniel *sua sponte* remanded the action to state court on the grounds that the amount in controversy requirement had not been established. (Doc. # 1-4.) Defendant filed a second Notice of Removal on

October 31, 2011, asserting additional jurisdictional facts in order to establish the

amount in controversy requirement.

## II.  ANALYSIS

A defendant may remove a state civil action "to the district court of the United

States for the district and division embracing the place where such action is pending"

when the federal district court has original jurisdiction over the matter.  28 U.S.C.

§ 1441(a).[1]  However, "[t]he notice of removal of a civil action or proceeding **shall be**

**filed within thirty days** after the receipt by the defendant, through service or otherwise,

of a copy of the initial pleading setting forth the claim for relief upon which action or

proceeding is based . . . ."  28 U.S.C. § 1446(b) (emphasis added).

Defendant failed to file the Notice of Removal on time.  In this case, Defendant

was served with the Complaint on September 8, 2011; thus, it had until October 8, 2011

to file a notice of removal.  However, Defendant did not file its Renewed Notice of

Removal until October 31, 2011.  In its Notice of Removal, Defendant offers no

explanation for its failure to timely remove this case.

The remand of cases removed to federal court is governed by 28 U.S.C.

§ 1447(c).  That section provides, in relevant part, that:

---

[1]  Because the Court remands this case for failure to file a timely Notice of Removal, it need not determine whether Defendant has established the amount in controversy requirement. *See Glendening v. Genuine Parts Co., Inc.*, 960 F. Supp. 243, 244 (D. Colo. 1997) (remanding procedurally defective case, and therefore not addressing jurisdictional issue).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).  Thus, a case may be remanded for either jurisdictional or non-jurisdictional defects.

The failure to remove a case within the 30-day statutory period is a non-jurisdictional defect.  *See Woodard v. Icon Health & Fitness, Inc.*, No. 11-cv-02562, 2011 WL 4632488, at *1 (D. Colo. Oct. 6, 2011).  There is a split of authority over whether a district court may *sua sponte* remand a case when the defect is non-jurisdictional.[2]  *Compare, e.g.*, *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (Sotomayor, J.) *with, e.g.*, *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).  Recently, in *Woodar*d, this Court found that § 1447(c) does not limit its authority to *sua sponte* remand a case that has not been untimely removed.  *See* 2011 WL 4632488, at *2 (finding "more persuasive the reasoning of those courts that allow *sua sponte* remands of procedurally defective cases.").  For the reasons expressed in *Woodard*, this Court finds that it may *sua sponte* remand this case to state court.

---

[2] As noted in *Woodard*, the Court is unaware of any Tenth Circuit authority on this issue.

### III.  CONCLUSION

As Defendant filed its Renewed Notice of Removal well after the statutory

deadline for removal had passed, it is ORDERED that this case be REMANDED to

the District Court, Douglas County, Colorado, for further proceedings.

DATED:  November __07__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge